FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHEILA M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

No.    1:19-cv-03063-SMJ

**ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

Before the Court, without oral argument, are Plaintiff's Motion to Supplement the Record, ECF No. 13, and the parties' cross-motions for summary judgment, ECF Nos. 20, 24. Plaintiff Sheila M. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income (SSI) and Disability Insurance (DI) benefits. Plaintiff alleges the ALJ (1) improperly failed to include relevant evidence, (2) improperly discounted or dismissed medical opinions, and (3) failed to fully credit Plaintiff's testimony. ECF No. 20. Plaintiff also separately moved to supplement the administrative record (AR). ECF No. 13. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision and opposes supplementing the AR. ECF Nos. 16, 19.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 1

Upon reviewing the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds the ALJ committed reversible errors. Although these errors invalidated the ALJ's conclusion that Plaintiff did not qualify for benefits prior to April 8, 2017, Plaintiff's entitlement is not clear from the face of the record. Accordingly, the Court denies Plaintiff's motion to supplement the record, grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands for further proceedings.

## BACKGROUND[1]

Plaintiff applied for SSI benefits and DI benefits on December 10, 2010. AR 159–172.[2] The Commissioner denied Plaintiff's application on November 12, 2014, *see* AR 76–79, and denied it again on reconsideration, *see* AR 85–88. A hearing was held before ALJ Stephanie Martz, AR 40–71, and ALJ Martz denied Plaintiff benefits on December 7, 2012. AR 17–39. The Appeals Counsel denied review on March 27, 2014. AR 1–6. Plaintiff appealed to this Court and Judge Wm. Fremming Nielsen remanded the claims to the Commissioner for further proceedings. AR 538–59. A second hearing was held before ALJ Martz, AR 458–

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 2

98, who again denied Plaintiff benefits on March 17, 2016. AR 433–55. Plaintiff again appealed to this Court, which granted the parties' stipulated motion for remand to the Commissioner for further proceedings. AR 881–84. A third hearing was held before ALJ C. Howard Prinsloo. AR 831–52. The ALJ[3] denied Plaintiff benefits on January 25, 2019. AR 806–30. Plaintiff again appealed to this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or

---

[3] Reference to "the ALJ" is a reference to ALJ Prinsloo.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 3

combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 4

claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 812.

At step two, the ALJ found that Plaintiff had seven medically determinable severe impairments: fibromyalgia, degenerative disc disease, obesity, affective disorder, anxiety, pain disorder, and borderline personality disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* at 812–13.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 5

light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with the following limitations: "[Plaintiff] is limited to simple, routine, repetitive tasks. She can have only occasional and superficial interaction with coworkers and supervisors. She should not work with the general public. She would need to work independently as opposed to working in a team." *Id.* at 814.

In reaching this determination, the ALJ gave great weight to the opinion of medical expert Kenneth Asher, Ph.D. *Id.* at 818. The ALJ gave some weight to the opinions of Jay Toews, Ed.D., Emma Billings, Ph.D., and Gregory Sawyer, Ph.D., as well as to the opinion of Faulder Colby, Ph.D. that Tae-Im Moon, Ph.D.'s opinion is not supported. *Id.* at 819–20. The ALJ gave little weight to the opinions of Dr. Moon, Russell Maier, M.D., Nancy Schwarzkopf, A.R.N.P., and Sean Mee, Ph.D. *Id.* at 820. The ALJ gave little to no weight to various Global Assessment of Functioning (GAF) scores, including a GAF score assessed by Debbi Spitler, PA-C. *Id.*

At step five, the ALJ found Plaintiff could perform past relevant work as a cleaner and an agricultural produce sorter. *Id.*

## STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 6

F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

### A.    Plaintiff has not shown the Court has authority to amend the administrative record on review

Plaintiff moves the Court to supplement the administrative record or alternatively remand under sentence six of 42 U.S.C. § 405(g). ECF No. 13. Specifically, Plaintiff gave the ALJ notice that certain records would be filed later than five days before the hearing, but that the ALJ refused to enter these documents

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 7

into the administrative record when Plaintiff submitted them. *Id.* The Commissioner argues that the Court is without authority to supplement the administrative record and that remand under sentence six of 42 U.S.C. § 405(g) is inappropriate. ECF No. 16.

Under sentence six of 42 U.S.C. § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). However, this evidence is not "new" as it was presented to the ALJ, who explicitly declined to include it in the administrative record. AR 809–10.

The Commissioner is correct that Plaintiff has cited no legal authority to support supplementing the administrative record on review. Indeed, case law suggests the Court lacks such authority. *See Wetzler v. Colvin*, No. C15-1074-BHS-DWC, 2016 WL 4376635, at *2 (W.D. Wash. July 11, 2016), *report and recommendation adopted*, No. C15-1074-BHS, 2016 WL 4363311 (W.D. Wash. Aug. 16, 2016). Instead of presenting legal authority to supplement the record on review, Plaintiff presents various arguments as to why the ALJ's refusal to consider the documents was in error. ECF No. 13 at 2–5. As Plaintiff appears to implicitly recognize—by framing the motion in terms the ALJ's error in refusing to consider

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 8

1  these records, and by raising this as a ground for relief in Plaintiff's Motion for

2  Summary Judgment—this argument is more appropriately addressed as an asserted

3  claim of error warranting remand. As such, the motion to supplement the record is

4  denied.

5  **B.     The ALJ erred in refusing to consider the report of Dr. Adlaw, but did
          not err in refusing to consider medical records not clearly disclosed in
6          Plaintiff's letter regarding additional records**

7          Plaintiff contends the ALJ's failure to accept late-filed evidence was in error

8  because Plaintiff timely submitted a notice regarding the late filing of these

9  documents. ECF No. 20 at 3. The Commissioner argues the ALJ properly excluded

10  this evidence because the notice was untimely. ECF No. 24 at 3.

11          20 C.F.R. §§ 404.935(a) and 416.1435(a) require claimants to "make every

12  effort to ensure that the administrative law judge receives all of the evidence and

13  must inform [the Commissioner] about or submit any written evidence . . . no later

14  than 5 business days before the date of the scheduled hearing." If a claimant submits

15  written evidence later than five business days before the date of her hearing, "the

16  administrative law judge may decline to consider or obtain the evidence, unless"

17  the claimant establishes one of several enumerated circumstances. 20 C.F.R.

18  §§ 404.935(b), 416.1435(b). This includes where "[s]ome other unusual,

19  unexpected, or unavoidable circumstance beyond [the claimant's] control prevented

20

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 9

[her] from informing [the Commissioner] about or submitting the evidence earlier," for example, that the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. §§ 404.935(b)(3), 416.1435(b)(3).

On November 21, 2018, Plaintiff submitted a letter to the ALJ informing the ALJ that "claimant will have two appointments the week of her hearing" and that she "[would] be requesting records from Washington Physicians Clinic and Washington Neurology Clinic as soon as the appointments are completed." AR 1003. This letter also stated that Plaintiff "also requested and [sic] Medical Report Form from Community Health of Central Washington but have not yet received it." *Id.* The ALJ refused to admit records from Cascade Summit Physical Therapy in 2012 and 2013, Washington Neurology in October and November 2018, and Dr. Rana Aldaw from October 2018. AR 810. The ALJ noted that Plaintiff's November 21, 2018 letter "was concerning appointments that were occurring later that week as well as a Medical Report Form from Community Health of Central Washington (24E). The representative made no mention of the 3 late submissions noted above either in this letter or at the hearing." *Id.* Plaintiff asserts the ALJ's failure to consider the records from Washington Neurology and the October 2018 medical report from Dr. Aldaw was in error. ECF No. 20 at 4.

Contrary to the Commissioner's assertion, the ALJ did not find that

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 10

Plaintiff's notice was untimely, but rather that Plaintiff's notice failed to inform the ALJ of certain evidence Plaintiff later submitted. AR 809–10. Even so, Plaintiff's notice was ambiguous as to whether Plaintiff was seeking records from Washington Physicians Clinic and Washington Neurology Clinic solely as to the appointments on the week of the hearing described in the notice or as to an unknown volume of more extensive records. *See* AR 1003 ("We would like to inform you that this claimant will have two appointments the week of her hearing. We will be requesting records from Washington Physicians Clinic and Washington Neurology Clinic as soon as the appointments are completed."). The ALJ interpreted this notice as informing the ALJ only of the submission of records of those appointments and found that records from prior appointments were not included in the notice. AR 810. Plaintiff's notice was not specific as to the records Plaintiff would be seeking from Washington Physicians Clinic and Washington Neurology Clinic, and the Court will not overturn the ALJ's interpretation of the ambiguous notice as to these records. *Cf. Vickie M. v. Saul*, Case No. 2:19-cv-01740-GJS, 2020 WL 1676624, at *4 (C.D. Cal. April 6, 2020).

However, Plaintiff's notice *was* clear that she had requested, but not yet received, a Medical Report Form from Community Health of Central Washington. AR 1003. Plaintiff asserts Dr. Adlaw had been treating Plaintiff at Community Health of Central Washington. ECF No. 20 at 4. Although the report from Dr.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 11

Adlaw attached to Plaintiff's Motion to Supplement the Record does not contain any reference to Community Health of Central Washington, *see* ECF No. 13-2, the address listed on the report is the same Plaintiff listed when giving the ALJ notice of the Community Health of Central Washington report, *see* AR 1004; ECF No. 13-2 at 3. As such, the Court finds Plaintiff informed the ALJ within five days of the November 28, 2018 hearing of this record and the ALJ's failure to consider it was in error.

Further, this error appears harmful because Dr. Adlaw opined that Plaintiff would miss an average of two days of work per month. ECF No. 13-2 at 3. The medical experts testifying at two of the hearings before ALJs testified that this would result in Plaintiff losing her position. AR 68, 495. On remand, the ALJ should consider Dr. Adlaw's report.

**C.    The ALJ did not err in discounting the opinions of Dr. Billings, Dr. Moon, Dr. Maier, and Nancy Schwartzkopf or interpreting Dr. Asher's opinion, harmlessly erred in assessing Dr. Colby's opinion, but harmfully erred in failing to address Ms. Spitler's opinion**

Plaintiff argues the ALJ erred by giving only some weight to the opinion of Emma Billings, Ph.D., giving little weight to the opinion of Dr. Tae-Im Moon, Ph.D. but some weight to the opinion of Faulder Colby, Ph.D. that Dr. Moon's opinion is not supported, giving little weight to the opinions of Russell Maier, M.D. and Nancy Schwarzkopf, A.R.N.P., and giving little to no weight to a GAF score

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 12

1   assessed by Debbi Spitler, PA-C. ECF No. 20 at 6–20. Plaintiff also asserts the ALJ

2   erred in giving great weight to the opinion of Dr. Asher yet failing to include in the

3   RFC the limitations Dr. Asher described. *Id.* at 12. The Commissioner argues the

4   ALJ reasonably weighed each of these medical opinions. ECF No. 24 at 9–17.

5   　　For SSI appeal purposes, there are three types of physicians: "(1) those who

6   treat the claimant (treating physicians); (2) those who examine but do not treat the

7   claimant (examining physicians); and (3) those who neither examine nor treat the

8   claimant [but who review the claimant's file] (non-examining physicians)."

9   *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a

10  treating physician's opinion carries more weight than an examining physician's,

11  and an examining physician's opinion carries more weight than a non-examining

12  physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions

13  that are explained than to those that are not, and to the opinions of specialists

14  concerning matters relating to their specialty over that of nonspecialists." *Id.*

15  　　If a treating or examining physician's opinion is uncontradicted, the ALJ may

16  reject it only for "clear and convincing reasons that are supported by substantial

17  evidence." *Bayliss*, 427 F.3d at 1216. "If a treating or examining doctor's opinion

18  is contradicted by another doctor's opinion, an ALJ may only reject it by providing

19  specific and legitimate reasons that are supported by substantial evidence." *Id.*

20  (citing *Lester*, 81 F.3d 821, 830–31).

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 13

### 1.    The ALJ did not err in discounting Dr. Billings' opinion

The ALJ gave some weight to the opinions of Dr. Billings, who examined Plaintiff in 2012, and agreed with Dr. Billings' assessment that Plaintiff's limitations were primarily due to social impairment, although the ALJ discounted Dr. Billings' assessment of marked limitations in several social domains because this assessment was not supported. AR 819. The ALJ discounted this latter portion of Dr. Billings' assessment on the grounds that Plaintiff was "able to maintain adequate behavior to attend and complete her appointments" and that Plaintiff was able to maintain a relationship with her son, a close friend, and those in online groups. *Id.*

Plaintiff asserts the ALJ did not give specific and legitimate reasons supported by substantial evidence for discounting Dr. Billings' opinion and that the ALJ's RFC determination did not incorporate Dr. Billings' specific findings related to Plaintiff's argumentativeness and belligerence. ECF No. 20 at 7–8. Plaintiff notes that interactions with Defendant's son and a close friend do not reflect on Plaintiff's ability to maintain relationships necessary for employment and that by 2018, Plaintiff was no longer a member of the online group the ALJ noted. *Id.*

However, the ALJ's opinion reflects a lengthy discussion of Plaintiff's conduct in appointments and interviews from March 2011 to July 2018 and a determination that "[t]hough the records at times show the claimant to be irritable,

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 14

1    this is generally in the context of her providers not doing what she wants them to

2    do such as exploring a diagnosis she has given herself based on internet research."

3    AR 816–18. The ALJ noted, in discounting Dr. Billings opinion, that "the records

4    show that the claimant is often irritable or argumentative," but determined that

5    Plaintiff's RFC adequately accounted for the level of irritability and belligerence

6    by limiting her social interactions. AR 819. That Dr. Billings' opinion was

7    inconsistent with the record as a whole was a specific and legitimate reason for

8    rejecting her opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007)

9    ("[F]actors relevant to evaluating any medical opinion include the amount of

10    relevant evidence that supports the opinion, the quality of the explanation provided

11    in the opinion, and the consistency of the medical opinion with the record as a

12    whole"). The ALJ supported this finding when discussing the medical records, and

13    reading the ALJ's decision as a whole, the Court finds he provided specific and

14    legitimate reasons supported by substantial evidence for discounting Dr. Billings'

15    opinion. *See* AR 816–18; *Bayliss*, 427 F.3d at 1216.

16        **2.    The ALJ did not err in discounting Dr. Moon's opinion**

17        The ALJ gave little weight to the opinion of Dr. Tae-Im Moon, Ph.D., who

18    examined Plaintiff. AR 819–20. The ALJ provided three reasons for discounting

19    Dr. Moon's opinion: (1) that Dr. Moon's opinion pertained to both Plaintiff's

20    physical and mental health, but that Plaintiff's physical impairments were outside

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 15

1  the scope of Dr. Moon's examination, (2) that Dr. Moon did not provide a specific

2  assessment of the degree of Plaintiff's impairment, and (3) that nothing in Dr.

3  Moon's assessment supported a determination that Plaintiff would be unable to do

4  any work. *Id.*

5      Dr. Moon specifically found that Plaintiff's "symptoms of anxiety and

6  depression, along with her multiple medical issues related to fibromyalgia would

7  significantly interfere with her ability to work." AR 703. This opinion blended

8  Plaintiff's psychological symptoms, which Dr. Moon was qualified to assess, with

9  Plaintiff's physical symptoms, which it does not appear Dr. Moon was qualified to

10  assess. Although an ALJ may not reject a doctor's opinion concerning medical

11  limitations solely on the grounds they are outside the doctor's area of expertise,

12  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), the ALJ may consider the

13  physician's area of expertise in determining the weight to which opinion their

14  opinion is entitled, 20 C.F.R. §§ 416.926(c)(5), 404.1527(c)(5). Here, the ALJ did

15  not solely rely on Dr. Moon's area of expertise in giving little weight to Dr. Moon's

16  opinion.

17      The ALJ was correct in noting that Dr. Moon did not state the degree of

18  Plaintiff's impairments, but generally described her impairments, such as that "[s]he

19  has difficulty focusing and remembering, which would interfere with learning new

20  tasks" and that "[r]eliability is likely to be an issue at work, as well as getting along

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 16

with co-workers, secondary to anxiety being around people." AR 819–20. eThe ALJ specifically noted that he had considered Plaintiff's social impairments raised by Dr. Moon and "fully accommodated them by limiting the claimant to occasional contact with coworkers and supervisors, and no work with the public." AR 820. Thus, the ALJ did not entirely discount Dr. Moon's opinions, and, together with the determination that Dr. Moon's assessment did not support his findings, provided specific and legitimate reasons for declining to give more weight to the opinion. *See Lingenfelter*, 504 F.3d at 1042.

Plaintiff challenges the ALJ's statement that Dr. Moon's mental status findings for Plaintiff were "largely normal" because Plaintiff appeared tense and anxious during the evaluation and because she was unable to correctly perform two of the evaluations. ECF No. 20 at 11. However, the ALJ's description that Plaintiff "performed generally well on mental status testing," and that the mental status findings were "largely normal," is not inconsistent with Plaintiff's anxious appearance or her failure to complete two of a series of evaluations on which she was otherwise successful. AR 820, 704–05.

### 3.    The ALJ harmlessly erred in weighing Dr. Colby's opinion

The ALJ gave some weight to the opinion of Faulder Colby, Ph.D., whom the ALJ wrote reviewed Dr. Moon's opinion and determined that it was not supported. AR 820. Plaintiff asserts this was in error because Dr. Colby did not find

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 17

1  make such a finding as to Dr. Moon's opinion. ECF No. 20 at 10.

2      A review of Dr. Colby's assessment confirms that Dr. Colby did not find Dr.

3  Moon's opinions were unsupported, but rather that Dr. Moon's rule-out diagnosis

4  would not provide a basis for SSI and that anxiety disorder "would likely not qualify

5  as a serious mental illness." AR 706. As such, the ALJ's reliance on this opinion to

6  support his determination that Dr. Moon's opinion was unsupported was in error.

7  That aside, Dr. Colby's opinion does not include any assessment of Plaintiff's

8  mental or physical limitations, and the ALJ noted as much. AR 706, 820. The ALJ

9  also specifically only gave weight to the opinion "noting that Dr. Moon's opinion

10  is not supported." AR 820. Even removing Dr. Colby's opinion as a basis for

11  discounting Dr. Moon's opinion, the ALJ still provided specific and legitimate

12  reasons supported by substantial evidence for rejecting that opinion. As such, the

13  ALJ's error in assigning weight to Dr. Colby's opinion was harmless.

14      **4.    The ALJ did not improperly discount any of Dr. Asher's opinions**

15      The ALJ gave "great weight" to the opinions of Dr. Kenneth Asher, Ph.D.,

16  and provided no reason for discounting any of Dr. Asher's opinions. AR 818–19.

17  Plaintiff asserts that, although the ALJ stated that he gave great weight to

18  Dr. Asher's opinions, the ALJ failed to include the limitations Dr. Asher described

19  when determining Plaintiff's RFC. ECF No. 20 at 12. The Commissioner asserts

20  that the Court must defer to the ALJ's interpretation of Dr. Asher's opinion. ECF

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 18

No. 24 at 13–14.

Plaintiff cites to portions of the hearing transcript where Dr. Asher discussed Plaintiff's difficulty in maintaining appropriate behavior in a work environment. *Id.* at 11. Specifically, Dr. Asher stated that someone with Plaintiff's limitations in terms of belligerence, hostility, and aggressiveness "sometimes" "would not succeed, would have difficulty" in the workplace. AR 483. Dr. Asher noted that these limitations would not be addressed by a formal workplace accommodation, but rather "more of the informal adjustment and accommodation that human beings make." *Id.* Dr. Asher also noted that Plaintiff would handle stressful situations "slightly better than if she were . . . truly in the marked range." *Id.* at 484. Plaintiff uses Dr. Asher's statement that Plaintiff "sometimes . . . would not succeed, would have difficulty" to argue that Dr. Asher's opinion supports a finding that Plaintiff is unemployable. Specifically, Plaintiff relies on the testimony of the vocational expert that a person who engaged in denial, blaming others, or recrimination of a supervisor in a third of interactions would not be employable. ECF No. 20 at 12 (citing AR 496). However, nothing in Dr. Asher's opinions clearly states that Plaintiff would engage in this behavior in any specific portion of her interactions, much less a third of her workplace interactions. *See* AR 483–84.

Thus, the Court cannot conclude that the ALJ improperly discounted Dr. Asher's opinions. The Court is bound to accept the ALJ's interpretation of Dr.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 19

Asher's opinions where the interpretation is supported by inferences reasonably drawn from the record. *See Molina*, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). Plaintiff has failed to come forward with evidence that the ALJ's interpretation of Dr. Asher's opinions were not supported by inferences reasonably drawn from the record and, as such, has not shown that the ALJ erred in assessing those opinions.

### 5.    The ALJ did not err in weighing Dr. Maier's opinions

The ALJ gave little weight to the opinions of Russell Maier, M.D. on the bases that Dr. Maier gave "no significant support for the limitations that he opines," that his treatment notes from the same day refute the limitations he describes, and that "physical examination findings showed some partially limited range of motion, but do not document such drastic impairment as to support the limitations" in Dr. Maier's opinions. AR 820. These are specific and legitimate reasons supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216.

Dr. Maier opined that Plaintiff was severely limited and unable to meet the demands of even sedentary work, and specifically that she was markedly limited in her ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch. AR 1021–22. This opinion included a description of Plaintiff's chief complaints, including stiffness, digestive problems, fevers, cramps, muscle spasms, pain after

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 20

walking or exercising that can last for days, and pain the day after lifting. AR 1020. Dr. Maier's findings also included a range of joint motion evaluation chart. AR 1022–23. The ALJ correctly noted that the opinions include a note that Plaintiff's fibromyalgia was well-controlled on Lyrica. AR 1023.

Plaintiff asserts Dr. Maier was Plaintiff's treating physician and that the ALJ was required to consider his statements "in the context of the overall diagnostic picture he draws." ECF No. 20 at 13 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001)). However, the record does not contain other treatment notes from Dr. Maier, and the records Plaintiff cites in attempting to undermine the ALJ's opinion come from the records of other physicians and therapists. ECF No. 20 at 14 (citing AR 707, 764, 768, 772, 1033 & 1058). Thus, the ALJ assessed the sole record on which the ALJ could rely to assess Dr. Maier's diagnostic opinions and found it did not support the limitations Dr. Maier assessed.[4] That Dr. Maier's opinion was insufficiently supported constitutes a basis for discounting his opinion. *See Lingenfelter*, 504 F.3d at 1042.

Moreover, the ALJ found Dr. Maier's treatment notes from the same date contradicted his findings because the treatment records reflect that Plaintiff's

---

[4] Plaintiff also raises an argument related to the possible side effect of weight gain but does not clearly articulate why this would be a basis for rejecting the ALJ's determination as to Dr. Maier's opinion. ECF No. 20 at 14.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 21

fibromyalgia is well controlled on Lyrica. AR 820. Plaintiff identifies multiple records where Plaintiff indicated Lyrica was insufficient to manage her chronic pain. *See* AR 707 (explaining Lyrica was only effective for 4 to 5 hours), 764 (reporting ongoing pain on maximum dose of Lyrica), 768 (explaining Lyrica was not as helpful as it had been and helps most with stomach complaints), 772 (explaining Lyrica helps but does not mitigate all pain). However, none of these records are from Dr. Maier's treatment notes. Thus, the Court finds the ALJ articulated a sufficient basis for discounting Dr. Maier's opinion. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (holding that ALJ properly rejected physician's conclusions that were not supported by physician's own treatment notes).

Finally, the ALJ noted that "physical examination findings showed some partially limited range of motion, but do not document such drastic impairment as to support the limitations" in Dr. Maier's opinion. AR 820. Plaintiff argues that this reflects a misunderstanding of Plaintiff's condition, which Plaintiff asserts is complex and characterized mainly by pain. ECF No. 20 at 14–15 (citing *Benecke v. Barnhart*, 379 F.3d 587, 589–90 (9th Cir. 2004)). Rejecting Dr. Maier's opinion based on minor limits on Plaintiff's range of motion was in error because normal physical examination results are compatible with fibromyalgia. *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017). However, even rejecting this ground

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 22

for discounting Dr. Maier's opinion, the ALJ articulated sufficient alternative reasons to support giving Dr. Maier's opinion little weight, and the error was therefore harmless.

### 6.     The ALJ did not err in weighing Nancy Schwarzkopf's opinion

The ALJ adopted the 2016 ALJ decision giving little weight to the opinion of Nancy Schwarzkopf, A.R.N.P. AR 820. In 2016, ALJ Martz gave little weight to Schwarzkopf's opinion that Plaintiff was severely limited and unable to meet the demands of even sedentary work. AR 447. Plaintiff asserts the ALJ erred in doing so because he "stated the 2015 district court had upheld the 2012 ALJ decision regarding the physical evidence and simply adopted the 2016 reasoning to give Schwartzkopf's opinion 'little weight.'" ECF No. 20 at 16. The Commissioner asserts Plaintiff should be prohibited from relitigating this issue because the district court previously determined that the ALJ Martz did not err in her 2012 decision as to Plaintiff's physical impairments. ECF No. 24 at 15.

Courts are generally prohibited from considering an issue that has already been decided by that same court or a higher court in the same case under the law of the case doctrine. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id.* (citing *Merritt v. Mackey*, 932

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 23

1   F.2d 1317, 1320 (9th Cir. 1991)).

2          Both parties are incorrect that the 2016 or 2019 ALJ decisions simply adopted

3   the 2012 findings to reject Schwartzkopf's opinion. Neither decision revisited the

4   physical impairment findings from Plaintiff's alleged onset date through the 2012

5   ALJ decision, which is in accordance with the law of the case doctrine. ALJ Martz

6   rejected Schwarzkopf's opinion on the grounds that it was inconsistent with reports

7   of the efficacy of Lyrica in treating Plaintiff's symptoms and separately cited

8   post-2012 records in support of this finding. AR 442, 447. As such, the Court rejects

9   Plaintiff's argument that the 2016 and 2019 ALJ decisions were in error for relying

10  on the 2015 district court findings.

11         Plaintiff separately challenges the reasons put forth in the 2016 decision, later

12  adopted in the 2019 decision, for rejecting Schwartzkopf's opinion. ECF No. 20

13  at 16. ALJ Martz in 2016 assigned little weight to Schwartzkopf's opinion on the

14  following grounds: (1) that it was inconsistent with Plaintiff's longitudinal mental

15  health treatment and reports of the efficacy of Lyrica in treating Plaintiff's

16  symptoms, (2) that Schwarzkopf only evaluated Plaintiff on one occasion, and

17  (3) that examination findings based on Plaintiff's reports of pain were not supported

18  because the record reflects that Plaintiff exaggerates her pain. AR 446, 447. That

19  Schwartzkopf's opinions were inconsistent with the record was a specific and

20  legitimate reason for rejecting this opinion. *See Lingenfelter*, 504 F.3d at 1042.

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 24

### 7.    The ALJ erred in weighing the opinions of Debbi Spitler

Plaintiff asserts the ALJ erred in failing to provide germane reasons for giving less than full weight to the opinions of Debbi Spitler, PA-C. ECF No. 20 at 19. In the Court's 2015 opinion, the Court found that ALJ Martz had failed to provide germane reasons for rejecting Ms. Spitler's assessments because her opinions were largely consistent with the medical record and because she was not an acceptable medical source.[5] AR 550. The Court again ordered the ALJ to reevaluate Ms. Spitler's opinion in its 2017 order remanding. AR 883. Despite this, the ALJ only discussed GAF scores generally and did not address any of the remaining content in Ms. Spitler's records or her findings in relation to the GAF scores. As such, this failure was in violation of the Court's orders remanding and was in error. *See Jeffries v. Wood*, 114 F.3d 1484, 1488 (9th Cir. 1997) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case"). On remand, the ALJ should specifically consider Ms. Spitler's opinions related to the GAF score as well as the GAF score assigned.

---

[5] Specifically, the Court's 2015 opinion assigned error for failing to consider Ms. Spitler's opinions as lay witness opinions. AR 550.

**D.    On remand, the ALJ should consider whether Plaintiff's testimony is consistent with the evidence in the record after properly weighing the opinions of Dr. Adlaw and Ms. Spitler**

Finally, Plaintiff assigns error to the ALJ's decision to discount Plaintiff's own subjective symptom testimony, raising six bases for the ALJ's alleged error. ECF No. 20 at 20. The Commissioner contends the ALJ properly discounted Plaintiff's symptom testimony. ECF No. 24 at 4.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

As noted above, in accordance with the law of the case doctrine, neither the 2016 nor the 2019 decision revisited the physical impairment findings from

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 26

Plaintiff's alleged onset date through the 2012 ALJ decision. *See Stacy*, 825 F.3d at 567 (9th Cir. 2016). As such, the Court rejects Plaintiff's argument that the ALJ erred in relying on the 2012 district court decision.

The determination that there was "no significant change since" that decision was based on the new evidence Plaintiff cites, which the Court would evaluate based on evidence after the 2012 ALJ decision. However, because the ALJ erred in refusing to accept Dr. Adlaw's medical opinion and failed to properly assess Ms. Spitler's opinions, the Court cannot adequately review the ALJ's determination that Plaintiff's subjective symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record." AR 815. As such, the ALJ should reevaluate whether Plaintiff's testimony is inconsistent with the evidence in the record after properly weighing the opinions of Dr. Adlaw and Ms. Spitler.

**E.    Remand, rather than an award of benefits, is appropriate**

In light of the errors identified above, further proceedings are clearly necessary. Though there is certainly substantial evidence to support Plaintiff's entitlement to benefits, that conclusion is not "clear from the record." *Garrison*, 759 F.3d at 1019. Accordingly, the Court remands this matter to the ALJ for further proceedings consistent with this Order, rather than simply awarding benefits.

//

//

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 27

**CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion to Supplement the Record, **ECF No. 13**, is **DENIED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

3.     The Commissioner's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

4.     The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 15th day of April 2020.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION TO SUPPLEMENT, GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, AND DENYING
COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 28